IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GURINDER SINGH SYAN,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5002 |
| | : | |
| RUSSELL ARRINGTON,<br>    Defendant. | : | |

<u>**MEMORANDUM**</u>

**MCHUGH, J.**                                                                                                     **DECEMBER 3, 2021**

      This matter comes before the Court by way of a Notice of Removal (ECF No. 2) filed by Defendant Russell Arrington, proceeding *pro se*, removing this action from the Court of Common Pleas for Delaware County, Pennsylvania. Also before the Court is Mr. Arrington's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and an "Answer" to the Notice of Removal (ECF No. 4) filed by counsel for Plaintiff, Gurinder Singh Syan. Because it appears that Mr. Arrington is unable to afford to pay the filing fee associated with removal, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will also remand this case to the Court of Common Pleas for Delaware County.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

      On or about November 4, 2021, Arrington filed a Notice of Removal with respect to an action originally filed in the Court of Common Pleas for Delaware County (hereinafter, "the Delaware County Action"). (ECF No. 2.) The Notice of Removal itself is sparse, but Arrington attached over 150 pages of Exhibits (ECF No. 2-1) which, in conjunction with Plaintiff Syan's Answer (ECF No. 3), reveal that the Delaware County Action seeks to eject Mr. Arrington from

---

[1] The factual allegations set forth in this Memorandum are taken from Arrington's Notice of Removal and all attached exhibits and documents attached thereto. (ECF No. 2.)

a residential property located at 428 Church Lane in Yeadon, Pennsylvania (hereinafter, "the Church Lane Property"). (*See generally* ECF No. 2-1; *see also* ECF No. 3 at 2, 9, 17-20.) This is not the first time Arrington has sought to remove an ejectment action with respect to the Church Lane Property. *See Wells Fargo Bank, N.A. v. Arrington*, Civ. A. No. 20-1342, 2020 WL 4196224, at *1 (E.D. Pa. July 21, 2020). In March of 2020, Arrington previously filed a Notice of Removal in this Court with respect to "an Ejectment Action [Wells Fargo filed] by way of a Complaint . . . on January 7, 2020 in the Court of Common Pleas for Delaware County." *Id.* As this Court previously explained in *Wells Fargo*, it is clear that "the Church Lane Property was sold to Wells Fargo by the Sheriff of Delaware County on approximately November 15, 2019 as a result of a foreclosure and judicial sale." *Id.* This Court granted Wells Fargo's Motion to remand, finding that remand was required because the "ejectment action was originally filed in Court of Common Pleas for Delaware County Pennsylvania, and . . . Arrington is a citizen of Pennsylvania" which precluded removal in accordance with 28 U.S.C. § 1441(b)(2), also known as the forum defendant rule.[2] *Id.* at * 2.

Much like in *Wells Fargo*, Arrington alleges here that he satisfied the "promissory note" on the mortgage debt for the Church Lane Property, and that, as a result, the Sheriff's deed was "compromised [sic] of a nonexistent debt[.]" (ECF No. 2 at 4.) He asserts that because the "note's financial obligation [was] satisfied" the "case [i.e., the ejectment action] should be dismissed[.]" (*Id.*) In this action, Arrington seeks to remove an ejectment action brought by Plaintiff Gurinder Singh Syan, who appears to be Wells Fargo's successor in interest in the

---

[2] The forum defendant "rule provides that '[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) (citing 28 U.S.C. § 1441(b)(2)).

Church Lane Property, having "acquired title from Wells Fargo . . . on June 15, 2021, pursuant to a Special Warranty Deed[.]".  *See Syan v. Arrington*, CV-2021-006774 (C.P. Delaware) (Complaint at ¶¶ 4-5).[3]

## II.   STANDARD OF REVIEW

Because Arrington appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.  Where a case is removed from state court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded[;]" *see also Cook v. Wikler*, 320 F.3d 431, 437 (3d Cir. 2003) ("Once a party timely files a motion to remand, § 1447(c) authorizes a district court to enter a remand order . . . for a 'lack of subject matter jurisdiction.'").  Arrington, as the party removing this action to federal court, bears the burden of establishing federal jurisdiction.  *See Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013) ("[T]he party seeking removal, bears the burden of establishing that federal subject matter jurisdiction exists.") (citing *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009)); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

---

[3]  The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, Civ. A. No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *Harris v. U.S. Marshal Serv.*, Civ. A. No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), report and recommendation adopted as modified, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  Accordingly, the Court may properly consider the complaint filed by Plaintiff Syan in the ejectment action in the Court of Common Pleas for Delaware County at this stage of the litigation because it is a matter of public record.

### III. DISCUSSION

"As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted). Accordingly, the existence of federal defenses to a complaint generally does not support removal under § 1441 and § 1331. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Pursuant to § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). "The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Id.* Further, the Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

Remand is required here as the Court lacks subject matter jurisdiction over this ejectment action. Arrington's Notice of Removal alleges that this Court may exercise federal question jurisdiction over this matter pursuant to § 1331. (ECF No. 2 at 2; ECF No. 2-1 at 3.) Arrington is incorrect. As held by a panel of the United States Court of Appeals for the Third Circuit, an "ejectment action . . . is governed by state law, . . . does not present a federal question[,]" and therefore "belongs back in state court." *See Lott v. Duffy*, 579 F. App'x 87, 89-90 (3d Cir. 2014).

4

Accordingly, there is no basis for the Court to exercise federal question jurisdiction over this action.

Alternatively, Arrington also alleges that the Court has jurisdiction over this case pursuant to diversity jurisdiction as set forth in 28 U.S.C. § 1332. Section 1332(a) provides for federal jurisdiction when parties are citizens of different states and the amount in controversy exceeds $75,000. However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). It is apparent from the Notice of Removal and the parties' filings that Arrington is a citizen of Pennsylvania. Indeed, Arrington affirmatively states in the Notice of Removal that his state of citizenship is Pennsylvania (ECF No. 2 at 4), and that he "is a permanent resident and domiciliary of the State of Pennsylvania." (ECF No. 2-1 at 3.) Accordingly, as this ejectment action was originally filed in Court of Common Pleas for Delaware County Pennsylvania, and as Arrington is a citizen of Pennsylvania, remand is required here because Arrington is a forum defendant and he may not remove this case. Because there is no proper basis for this Court to exercise subject matter jurisdiction over this action, remand is required.

## IV.   CONCLUSION

For the reasons stated, Mr. Arrington's motion for leave to proceed *in forma pauperis* will be granted, and this case will be remanded to the Court of Common Pleas for Delaware County. An appropriate Order follows.

**BY THE COURT:**

  /s/ Gerald Austin McHugh
**GERALD A. MCHUGH, J.**